STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Walter Del-grandile, filed suit against Younger Brothers, Inc., owner of a tractor-tanker rig,[1] and its liability insurer, Employers Insur- *670 anee of Wausau, for damages incurred when their automobile, driven by Mrs. Del-grandile, collided with the rear wheel of the heavy rig in the traffic circle on the west bank of the Huey Long Bridge approach in Jefferson Parish. Finding plaintiff driver guilty of contributory negligence, the trial court dismissed this' suit. Plaintiffs have appealed.
We affirm. The record reveals both drivers, familiar with this area, entered the circle from Highway 90 and intended to cross to the east bank of the Mississippi River. The circle is composed of two unusually narrow lanes (estimated by the state trooper who conducted the accident investgation at 11 feet) divided only by a broken-dash white center line. From the testimony it is evident that Jerry Jones, driving the rig, entered the circle first. He was moving in low gear at approximately 5 miles per hour in the right lane and the left rear wheels of the tanker were riding the center stripe. Shortly afterward Mrs. Delgrandile reached the entrance to the circle and maneuvered her car into its left lane after ascertaining there was no traffic approaching from her left that would impede her safe entrance. After accelerating to a speed of 20 miles per hour at a distance she alternately estimates at either two car lengths or 100 feet (apparently an honest discrepancy caused by her inability to gauge distance), she felt an impact to the right side of her car and then noticed that she had collided with the left rear tanker wheel. After the initial contact, plaintiff’s car continued for a distance of 20 feet before stopping. At no time before impact did Mrs. Delgrandile see the rig she was in the process of passing and she was not able to state in what position its wheels were when they came in contact with her car.
Plaintiff driver, who frequently passes through this circle, agrees the lanes are unusually narrow. Thus she should have been aware that a passing maneuver in this narrow, curved roadway was more precarious than it would have been had she been on a straight standard-sized two-lane highway. It is difficult to perceive how she could have avoided seeing the unusually large truck she was overtaking when the accident occurred. Jones testified the rig cannot negotiate the circle in the right lane without having its left wheels riding the center line. The police officer stated most trailers on these rigs cross over the center line into the left lane.
Under these circumstances, plaintiff driver was obliged to observe traffic in the right lane and to ascertain she could safely pass before attempting to do so. Not only was she unable to establish the point of impact but also she failed to prove her attempt to pass was begun when it was safe to do so. Her failure to see the rig on this hazardous stretch of highway establishes her contributory negligence.
Plaintiffs argue the physical evidence establishes her freedom from fault because it proves the wheels of the tanker drifted into the passing lane after Mrs. Delgrandile began to overtake it. The investigating officer testified the automobile laid down 5 feet of skid marks within the left lane, 2 feet from the center line. It is argued this proves the truck drifted into plaintiff driver’s lane; however, this theory is discredited by the police officer’s statement that the point of impact could not be determined. He said skid marks in a sideswipé accident establish nothing. They were obviously made after impact since she did not see the truck.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
REDMANN, J., dissents with written reasons.

. The rig, consisting of tractor and a 6,000-gallon-tank trailer, measured 40 feet in overall length and had a cargo weight of 73,000 pounds.